**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:**

| | |
|---|---|
| Starr Indemnity & Liability Company, | |
| Plaintiff, | **DECLARATORY JUDGMENT COMPLAINT** |
| v. | |
| JCW Holdings, LLC; Extreme Fitness, LLC, Jason Weatherford, Jonathan Weatherford | |
| Defendant. | |

The Plaintiff Starr Indemnity & Liability Company ("Starr"), seeks declaratory relief to determine the rights of the parties, and alleges and shows as follows:

## JURISDICTION & VENUE

1. Starr is an insurance company organized and existing under the laws of the State of Texas with its principal place of business in the State of New York.

2. Upon information and belief, the Defendant JCW Holdings, LLC is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Florence County, South Carolina.

3. Upon information and belief, the Defendant Extreme Fitness, LLC is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Florence County, South Carolina.

4. Upon information and belief, Defendant Jonathan Weatherford is a citizen and resident of Florence County, South Carolina.

5. Upon information and belief, Defendant Jason Weatherford is a citizen and resident of Florence County, South Carolina.

1

6. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

7. The amount in controversy exceeds Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1) and (3).

## FACTUAL ALLEGATIONS

8. Starr issued a policy of insurance to JCW Holdings, LLC, policy No. SIJJML002601-00, providing lessor's risk coverage that was in full force and effect at all relevant times herein. The policy provided lessor's risk bodily injury liability coverage in the amount of $1,000,000 per occurrence and medical expense limits of $5,000 per person. Starr craves reference to the policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein. A copy of the policy is attached hereto as "Exhibit A."

9. The Business Classification shown on the Declarations page of the Starr policy is "Shopping Centers – buildings or premises not occupied by the insured (lessor's risk only)."

10. The Business Description shown on the Declarations page is "strip center."

11. The Starr policy only covers "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which" the policy applies.

12. The policy provides under "SECTION II – WHO IS AN INSURED":

> **1.** If you are designated in the Declarations as:

\* \* \*

2

    c.  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

2. Each of the following is also an insured:

\* \* \*

    b.  Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

\* \* \*

3. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    a.  Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier

\* \* \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

13. The Starr policy excludes from "COVERAGE C MEDICAL PAYMENTS" expenses for "bodily injury" "To a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests."

14. Upon information and belief, JCW Holdings, LLC owns a shopping center located at 1518 Meadors Farm Rd., Florence, South Carolina and leases the space to various entities.

15. Upon information and belief, JCW Holdings, LLC leased a portion of the shopping center to Extreme Fitness, LLC, a fitness and weight training gym.

16. Upon information and belief, Extreme Fitness, LLC is owned or operated by Defendant Jason Weatherford.

17. Upon information and belief, JCW Holdings, LLC is co-owned by Defendant Jason Weatherford and his wife.

18. Upon information and belief, on or about January 27, 2012, Jonathan Weatherford was doing pull-ups on the premises of Extreme Fitness, LLC when his hand slipped off the bar and he sustained an injury.

19. Upon information and belief, Jonathan Weatherford has submitted a claim to Starr against Extreme Fitness, LLC for his injuries.

20. When Jason Weatherford obtained the Starr insurance policy for JCW Holdings, LLC, the insurance agent quoted and offered a separate policy for Extreme Fitness, LLC, which Jason Weatherford declined.

21. Extreme Fitness, LLC is not a named insured an additional insured or qualifies as an insured on the Starr policy.

**FOR A FIRST DECLARATION**

22. Plaintiff repeats, realleges and incorporates paragraphs one (1) through twenty-one (21) as if set forth fully verbatim herein.

23. The policy is issued to JCW Holdings, LLC is a lessor's risk policy and classifies the risk as "Shopping Centers – buildings, or premises not occupied by the insured (lessor's risk only)."

24. The policy only requires Starr to indemnify and defend an insured, which is defined as JCW Holdings, LLC, its (JCW's) members only with respect to the business of JCW Holdings, and its (JCW's) managers, but only with respect to their duties as managers of JCW Holdings, LLC.

25. Extreme Fitness, LLC is not a named insured or an additional insured on the Starr policy and was not acting as a member or manager of JCW Holdings, LLC at the time of the above-described incident.

26. Therefore, Starr is entitled to a declaration that the above-referenced policy does not provide coverage for Extreme Fitness, LLC with respect to claims or injuries arising out of the above-described incident.

## FOR A SECOND DECLARATION

27. Plaintiff repeats, realleges and incorporates paragraphs one (1) through twenty-six (26) as if set forth fully verbatim herein.

28. The policy is issued to JCW Holdings, LLC is a lessor's risk policy and classifies the risk as "Shopping Centers – buildings, or premises not occupied by the insured (lessor's risk only)."

29. The policy only requires Starr to indemnify and defend an insured, which is defined as JCW Holdings, LLC, its (JCW's) members only with respect to the business of JCW Holdings, LLC, and its (JCW's) managers, but only with respect to their duties as managers of JCW Holdings, LLC.

30. Jason Weatherford is not a named insured or additional insured on the Starr policy and was not acting with respect to the business of JCW Holdings, LLC or with respect to his duties as a manager of JCW Holdings, LLC at the time of the above-described incident.

31.     Therefore, Starr is entitled to a declaration that the above-referenced policy does not provide coverage for Jason Weatherford with respect to claims or injuries arising out of the above-described incident.

### FOR A THIRD DECLARATION

32.     Plaintiff repeats, realleges and incorporates paragraphs one (1) through thirty-one (31) as if set forth fully verbatim herein.

33.     The policy provides coverage to "any person . . . or any organization while acting as your real estate manager."

34.     Neither Extreme Fitness, LLC nor Jason Weatherford were acting as JCW Holdings, LLC's real estate manager when the incident occurred.

35.     Therefore, Starr is entitled to a declaration that the above-referenced policy does not provide coverage for Extreme Fitness, LLC or Jason Weatherford with respect to claims or injuries arising out of the above-described incident.

### FOR A FOURTH DECLARATION

36.     Plaintiff repeats, realleges and incorporates paragraphs one (1) through thirty-five (35) as if set forth fully verbatim herein.

37.     Extreme Fitness, LLC and JCW Holdings, LLC are two separate and distinct legal entities.

38.     Upon information and belief, the two entities have separate locations and/or telephone numbers and/or members and managers and/or employees and/or letterhead.

39.     Therefore, Starr is entitled to a declaration that the above-referenced policy – by virtue of insuring JCW Holdings, LLC – does not insure the separate legal entity of Extreme Fitness, LLC for the above-described incident.

**FOR A FIFTH DECLARATION**

40. Plaintiff repeats, realleges and incorporates paragraphs one (1) through thirty-nine (39) as if set forth fully verbatim herein.

41. Even if Extreme Fitness, LCC and JCW Holdings, LLC are treated as amalgamated entities, the policy issued by Starr to JCW Holdings, LLC only provides coverage to an "insured" for its conduct for or on behalf of JCW Holdings, LLC as a lessor.

42. The above-described incident did not arise out of any conduct performed on behalf of JCW Holdings, LLC as a lessor.

43. Therefore, Starr is entitled to a declaration that the above-referenced policy does not provide coverage to Extreme Fitness, LLC for the above-described incident.

**FOR A SIXTH DECLARATION**

44. Plaintiff repeats, realleges and incorporates paragraphs one (1) through forty-three (43) as if set forth fully verbatim herein.

45. The policy excludes from medical payments coverage bodily injury "to a person injured while . . . participating in any physical exercises . . . ."

46. Upon information and belief, Jonathan Weatherford was injured while participating in physical exercises.

47. Therefore, Starr is entitled to a declaration that Jonathan Weatherford is not entitled to medical payments coverage under the Starr policy.

WHEREFORE, Plaintiff requests that this honorable Court inquire into these matters and declare that the policy does not provide coverage to Jason Weatherford or Extreme Fitness, LLC for any claims that have or may be asserted arising out of the above-described incident and Starr does not have a duty to defend or indemnify Extreme Fitness, LLC or Jason Weatherford for any

7

claims that have been or may be asserted against them by Jonathan Weatherford and that the policy does not provide any medical payments coverage to Jonathan Weatherford for the above-described incident, together with its costs and disbursements incurred and other such and further relief as the court may deem just and proper.

                              MURPHY & GRANTLAND, P.A.


                              s/J.R. Murphy
                              J.R. Murphy, Esquire (Fed. I.D. No.: 3119)
                              Wesley B. Sawyer, Esquire (Fed I.D. No.: 11244)
                              Murphy & Grantland, P.A.
                              P.O. Box 6648
                              Columbia, South Carolina 29260
                              (803) 782-4100
                              Attorneys for Plaintiff

Columbia, South Carolina
November 14, 2012