IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Starr Indemnity & Liability Company, | ) ) ) | Civil Action No.: 4:12-cv-3271-RBH |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| JCW Holdings, LLC; Extreme Fitness, LLC; Jason Weatherford; and Jonathan Weatherford, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Starr Indemnity & Liability Company ("Starr" or "Plaintiff") filed this declaratory judgment action against Defendants JCW Holdings, LLC; Extreme Fitness, LLC; and Jason Weatherford ("Defendants") on November 15, 2012 seeking a judicial determination of no coverage. *See* Compl., ECF No. 1. On June 23, 2014, the Court issued an Order granting in part and denying in part Plaintiff's motion for summary judgment. *See* Order, ECF No. 43. The Court indicated that it was inclined to stay further proceedings regarding indemnity pending the outcome of the state court case and factual issues therein. *See id.* at 16. In the order, the Court noted several factual questions that would need to be resolved by the fact-finder in the underlying case in order for this Court to make a determination on the duty to indemnify. *See id.* at 14–16. The Court requested that each counsel file a statement setting forth their position on a stay. *See id.*

On July 25, 2014, counsel for the parties filed a Joint Statement. *See* ECF No. 45. In this statement, the parties jointly requested that the remaining issue in this action be tried in federal court, and indicated that they would consent to a stay of the underlying state court proceeding. *See id.* at 1. The parties asserted that they believe the remaining issues are best resolved in the federal case since

Plaintiff is not a party to the underlying state court case and its retained counsel may be unable to effectively litigate these issues given the circumstances. *See id.*

## DISCUSSION

The Court is mindful of the parties' joint request to have this matter proceed in federal court. The Court is also mindful of the fact that Plaintiff is not a direct party in the state action, but rather is only involved to the extent that it has retained counsel to defend its insured. Nevertheless, the Court notes that an issue is not made procedurally proper simply because the parties agree to it.

The remaining issue before the Court is whether Plaintiff has a duty to indemnify its insured. Thus, the factual questions before this Court related to whether, under the terms of the policy, Plaintiff is obligated to indemnify its insured should it be found liable. Liability for negligence and premises liability, however, is not before this court, and this is a critical factor in determining whether this action should proceed. The duty to indemnify "turns on the actual facts and circumstances giving rise to liability in the *underlying suit*." 43 Am. Jur. 2d *Insurance* § 676 (emphasis added). The duty to indemnify is not based on the facts the claimant "hopes to prove," but instead hinges "on the facts, proven, stipulated, or otherwise established that actually create the insured's liability." *Id.* South Carolina law specifically provides that there is "no obligation to indemnify until *a judgment against the insured is obtained*." *Howard v. Allen*, 176 S.E.2d 127, 129 (S.C. 1970) (emphasis added). Furthermore, under South Carolina law, "a liability insurer's duty to indemnify is determined by the *findings of the fact finder in the underlying suit*." *See Liberty Mut. Fire Ins. Co. v. JM Smith Corp.*, No. 7:12-28924-TMC, 2013 WL 5372768, at *6 (D.S.C. Sept. 24, 2013) (citing *Ellet Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388–89 (4th Cir. 2001)) (emphasis added).

These basic principles were applied by United States District Judge Patrick Duffy in a recent order. *See Bereny, Inc. v. Landmark Am. Ins. Co.*, No. 2:09-cv-1556-PMD, 2010WL 233861, at *10 (D.S.C. Jan. 14, 2010). As Judge Duffy explained, where there have been no findings of fact or award of damages in the underlying action, "it would be inappropriate for the court to determine issues of indemnity." *Id.* Thus, "[w]hen findings of fact have not been made in the underlying lawsuit, the indemnity claim is not ripe." *Id.* Because the underlying action was still pending, findings of fact had not been made, and the insured had not been held liable to pay any damages in the underlying action, Judge Duffy found that a declaration regarding the insurer's duty to indemnify was inappropriate at that juncture. *See id.*

The Fourth Circuit has also echoed these concerns, albeit while applying Maryland law. The Fourth Circuit noted in *Trice, Geary, & Myers, LLC v. Camico Mutual Insurance Co.*, "a declaration as to [insurer's] duty of indemnification would be premature" where the underlying state court action was still pending. *See* 459 Fed. App'x 266, 277 (4th Cir. 2011). The court found that "such a declaration should instead be made after the underlying actions are resolved." *Id.*; *see also W. Heritage Ins. Co. v. Giuliani*, 38 Fed. App'x 974, 978 (4th Cir. 2008) (applying South Carolina law, the court vacated the District Court's ruling on the duty to indemnity so that "indemnity [could] be determined from facts established in the underlying suit"); *Canal Indemnity Co. v. Rapid Logistics, Inc.*, 514 Fed. App'x 474, 479 (5th Cir. 2013) ("[T]he issue of [insurer's] duty to indemnify . . . is non-justiciable and should be deferred until after the underlying state court suit is resolved.").

3

Therefore, the Court finds that a stay is appropriate, as any duty to indemnify will depend upon whether Plaintiff's insured is found liable in the underlying state action.[1]  The underlying allegations and claims of negligence and premises liability are not before this court.  Accordingly, the Court finds that addressing the duty to indemnify would be premature.  As the Court explained in its previous Order, several factual questions need to be resolved by the fact-finder in the underlying state court negligence case prior to the Court addressing the duty to indemnify:

> First, were the Defendants negligent under the Paragraph 7(d) sub-specification of negligence?  Furthermore, as noted in *Byerly*, while the lessor generally surrenders control of the premises to the lessee, was there an agreement to the contrary here regarding the lessor's maintenance of the tenant space?  Finally, was the alleged hazardous condition created by the lessor or the lessee?

---

[1] The Court has broad discretionary power in determining whether to stay a case.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, No. 12-1791, 2013 WL 3871006, at *7 (4th Cir. July 29, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–255 (citations omitted).  In addition, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, (1995).  The Supreme Court has held that a district court's substantial discretion permits it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case.  *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942); *Wilton*, 515 U.S. at 288.

District courts, however, must also take into account "considerations of federalism, efficiency, and comity" whenever a parallel proceeding is pending in state court.  *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493–94 (4th Cir. 1998) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994)).  To aid district courts in balancing the state and federal interests when a parallel state action is pending, four factors have been articulated for consideration: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.  *Id.* (citing *Nautilus*, 15 F.3d at 377).  For the reasons discussed above, the Court finds that the principles of "federalism, efficiency, and comity" and the *Nautilus* factors weigh in favor of staying this matter.

*Starr Indemnity & Liability Co. v. JCW Holdings, LLC*, No. 4:12-cv-3271-RBH, 2014 WL 2864157, at *8 (D.S.C. June 23, 2014).

**IT IS THEREFORE ORDERED** that this matter is **STAYED** pending resolution of the underlying state court action. The parties shall inform the Court when that matter is resolved, and this case will then proceed with regard to whether Plaintiff has a duty to indemnify.

**IT IS SO ORDERED.**

                                    s/ R. Bryan Harwell
                                    R. Bryan Harwell
                                    United States District Judge

Florence, South Carolina
August 1, 2014